MONEOE, J.
Plaintiff sues for damages for personal injuries sustained by him in the course of his employment by defendant, and, as he alleges, through defendant’s negligence, and he has appealed from a judgment rejecting his demand. It appears that defendant was engaged in erecting a steel shed upon the river front, under contract with the *563 dock board, and that its workmen were divided into gangs, to whom different duties were assigned; that of the “raising gang” being to raise and bolt upon their foundations the columns upon which were to rest the trusses for the support of the roof, place the trusses thereon, and, for temporary purposes, connect each successive truss raised into position with its neighbor, already in place, by means of purlins (or a, purlin), and see to the lifting by the crane, and the depositing on the tops of the trusses, of the additional purlins required for the permanent construction; that of the “filling in gang” being to follow the “raising gang” and distribute to their places and bolt fast to the trusses the purlins required for the permanent construction and left deposited by the “raising gang” for that use; that of the “rod gang” being to strengthen the structure with rods, or otherwise, as the specifications may have required; and that of the “finishing gang” being to see that nothing was left undone by the other workmen, and, as the name indicates, add such finishing touches as might be required.
[1, 2] Plaintiff was a workman of experience, and was foreman of the “raising gang,” composed of Oonrad (himself), Rich, Caplino, and Jolet; and, truss 4 having been hoisted into position, it was part of the duty of the gang (while the truss was held in position by the tackle of the crane) to haul up, by hand, a purlin and bolt one end of it to truss 4 and the other end to truss 5, already in position; and that duty was discharged. At this point, however, we meet the main issue in the case. Plaintiff and his witnesses say that, having thus placed the one purlin in position, the “raising gang” had no further function to discharge in that connection; and that the next thing for them to dp, after seeing to the lifting and depositing of the other purlins, was to see to the lifting, placing, and temporarily securing in position of truss 3. Defendant’s witnesses, on the other hand, say that the well-understood rule and custom was for the “raising gang,” after partially securing the newly placed truss with one purlin, and seeing to the lifting and depositing, for distribution, of the other purlin required in the panel, to take one of the purlins so lifted and deposited and bolt it fast to the newly placed truss and its neighbor, as with the first purlin; the only difference being that, in the case of the first purlin, the services of all four of the gang were required for its handling, whilst, in the case of the second, it, having been hoisted by the crane and deposited on the tops of the trusses, could be put in place by two of the men. The witnesses not only disagree as to the rule or custom, but as to the particular facts connected with the accident, which consisted of the falling of truss 4 whilst plaintiff was on it, thereby breaking his leg. He, himself, says, in his testimony, that he can give no reason whatever for the falling of the truss. But there are several witnesses (including his “partner,” who was working with him) who testify that plaintiff and his partner undertook to put in place the second purlin, between trusses 4 and 5, and that, though Rich (the partner) bolted his end to truss No. 5, plaintiff failed to bolt his end to truss No. 4, but left the end loose, and had come back on the truss (where another workman was trying to finish the job), in connection with the lifting into position of truss 3, when the truss in question (4) fell, and the injury of which he complains was inflicted. The testimony is conclusive, we think, to the effect that plaintiff’s own negligence in the matter was the cause of the accident, and we concur with the judge a quo in the opinion that he has no just ground of complaint against defendant.
Judgment affirmed.